*Northern District*

No. 8347

## CAROLYN J. BARILE
### v.
## MARY G. CANNING

Argued: June 19, 1975. Decided: June 16, 1976.

Case tried to *DeMarco, J.,* in the District Court of Peabody. Number: R-1242.

Present: Cowdrey, Presiding Justice; Flaschner, Bacigalupo, J.J.

**Cowdrey, P.J.** This is an action in tort for negligence in which the plaintiff seeks recovery for injuries sustained while riding in a motor vehicle involved in an accident with a motor vehicle operated by the defendant.

The report indicates that the defendant was operating her vehicle at about twenty-five miles per hour on Hamilton Street, Saugus, Mass., on October 30th, 1968, when a puppy dog came upon her path. She slowed down to five to ten miles per hour while applying her brakes and while her vehicle was still in motion the defendant was struck in the rear by the vehicle in which the plaintiff was a passenger. The plaintiff testified that the defendant did not give any hand signal of her intention to slow down, nor were there any brake lights visible to the plaintiff. However, plaintiff's operator stated she saw visible tail

lights as testified to without objection by Officer Cook from the Saugus Police Department who was called as a witness by plaintiff's counsel. The plaintiff's operator did not testify at the hearing.

The court found for the defendant and made the following findings of fact:

"I find as a fact that the defendant was operating her vehicle about twenty-five miles per hour on Hamilton Street, Saugus, Mass., on October 30, 1968, when a "puppy dog" came upon her path. She slowed down to five to ten miles per hour and while her vehicle was still in motion was struck in the rear by the vehicle in which the plaintiff was passenger.

I find that the defendant was free of any negligence."

The plaintiff's requests for rulings, which follow, were allowed:

1. Upon all the evidence a finding for the plaintiff is warranted because the defendant was negligent in stopping her vehicle at the point of the accident in the center of the street.

2. The plaintiff, being a passenger, did not contribute to in any way to the accident and was not contributory negligent.

3. Every person operating a motor vehicle, before stopping said vehicle or making any turning movement which would affect operation of any other vehicle, shall give a plainly visible signal either by means of the hand and arm in a manner hereinafter specified or by a suitable mechanical or electrical device or devices. Hand and arm signals shall be made as follows:

An intention to stop or decrease speed shall be indicated by hand and arm extended downward. G.L.c. 90, §14B. Violation of this statute is evidence of negligence.

A motion to correct an inconsistency was filed by the plaintiff and denied. This motion is as follows:

"1. "The court allowed the plaintiff's requests for rulings No. 1, 2, and 3, and wherein Ruling #1, requested a ruling upon all the evidence a finding for the plaintiff is warranted because the defendant was negligent in stopping her vehicle at the point of the accident in the center of the street and further there was no evidence that the defendant gave a signal of her indicating to decrease her speed as provided in Request for Ruling #3."

We find no prejudicial error.

Request No. 1 might well have been denied as a request for a finding of fact. It's allowance however does not constitute prejudicial error in view of the specific findings of fact made by the trial justice.

Request No. 3 was properly allowed as an abstract proposition of law. Its applicability to the present case rests with the trier of fact. The rational inference from the finding that the defendant was free of negligence is that there was compliance with the statute by the operation of the rear lights.

Even if it could be said otherwise the court was right in concluding from the evidence that the defendant exercised that degree of care which could be expected from a reasonably prudent person under the factual situation here presented.

The motion to correct an alleged inconsistency was properly denied.

**Report dismissed.**